FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 MAR -9  AM 11: 39

CLERK
SO. DIST. OF GA.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF GEORGIA**

**AUGUSTA DIVISION**

| | | |
|---|---|---|
| GEORGE RYBICKI, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 105-86 |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff appeals the decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under the Social Security Act.  Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED** and that a final judgment be **ENTERED** in favor of the Commissioner.

## I. BACKGROUND

Plaintiff applied for SSI payments and disability benefits on April 25, 2002, alleging an onset date of July 12, 1993. Tr. 49-52.  He alleged disability due to obesity, pulmonary edema, arthritis, and congestive heart failure.  Tr. 69.  The Social Security Administration

denied plaintiff's application and his request for reconsideration.  Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ").  At the hearing, plaintiff amended his claim to allege an onset date of February 2002 and to withdraw his claim for disability insurance.  After a hearing at which plaintiff, represented by counsel, testified on his own behalf, the ALJ issued an unfavorable decision dated November 9, 2004.  Tr. 14-23.

Applying the five-step sequential process required by Title 20, Code of Federal Regulations, Section 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

2. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in Regulations Section 416.920(b).

3. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

4. The claimant has no past relevant work.

5. The claimant has the residual functional capacity to perform a significant range of sedentary to light work.  Although the claimant's limitations do not allow him to perform the full range of sedentary to light work, . . . there are a significant number of jobs in the national economy that he could perform.

Tr. 22-23.

When the Appeals Council denied plaintiff's request for review, the ALJ's decision became the final decision of the Commissioner.  Plaintiff filed this civil action requesting a reversal of that adverse decision.  Plaintiff alleges that the ALJ improperly considered plaintiff's obesity, failed to assess properly the opinions of plaintiff's treating physicians, and

2

failed to develop properly the vocational expert's (VE) testimony at the hearing.

## II. THE STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire

3

record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

### A. Plaintiff's Obesity

Plaintiff argues that the ALJ failed to consider properly plaintiff's obesity, that he placed "little, if any, emphasis" on his obesity. Pl. Br. at 11. Plaintiff alternatively contends that the ALJ's determination that plaintiff could engage in substantial gainful employment was improper given the combination of plaintiff's obesity with his other ailments. Id. at 12.

Social Security Ruling ("SSR") 02-1p recognizes that "[o]besity is a risk factor that increases an individual's chances of developing impairments in most body systems. It commonly leads to, and often complicates, chronic diseases of the cardiovascular, respiratory, and musculoskeletal system." Obesity may be considered a "severe" impairment when it limits an individual's physical or mental ability to do basic work activities. Such an

4

assessment of severity is made on an individualized basis instead of through a body mass index guideline or descriptive term such as "morbid" or "extreme." SSR 02-1p.  An ALJ should assess the effect that obesity has on exertional, postural, and social functions, as well as "the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment."  Id.  Furthermore, "[t]he combined effects of obesity with other impairments may be greater than might be expected without obesity."  Id.

The ALJ in this case found plaintiff's obesity to be a severe impairment. Tr. 16.  The ALJ also referred to plaintiff's obesity throughout his decision, noting medical findings that plaintiff's obesity contributed to his knee pain. Tr. 17-18.  Based on plaintiff's obesity and his other ailments, the ALJ concluded that plaintiff's capacity "to perform the full range of light work is compromised by his inability to stand/walk for more than two hours out of an eight hour day.  The claimant retains the functional capacity to sit for up to six hours a day, but requires a sit/stand option so that he can alternate positions to alleviate perceptions of increased discomfort." Tr. 20.  The ALJ further found that plaintiff's residual functional capacity ("RFC") is reduced by "his inability to stoop, bend, kneel, crouch, crawl or perform climbing activities with the exception of occasional climbing of ramps/stairs."  Id.

The Court finds that the ALJ properly considered plaintiff's obesity, that he determined obesity to be a severe impairment, and that he took plaintiff's obesity into account when he made his RFC findings.  The Court also finds that the ALJ's findings appropriately evaluate plaintiff's obesity in light of its effects on other physical ailments, such as his knee pain.  Accordingly, plaintiff should not be entitled to relief on this ground.

### B. Medical Evidence

Plaintiff next contends that the ALJ improperly discounted the medical opinions of Dr. John Whitley and Dr. Corazon Tan. Dr. Whitley completed a "mental impairment questionnaire" in which he found plaintiff's mood, thought processes, ability to get along with co-workers and supervisors, ability to deal with workplace changes, ability to make simple workplace decisions, ability to function under stress, and ability to understand, remember and carry out simple instructions to be markedly abnormal. Tr. 193-95. Dr. Tan completed a similar questionnaire, but found none of the same mental impairments. Tr. 169-70. Dr. Tan did submit a letter in which he opined that, "[u]ntil [plaintiff's] weight problem is corrected, [he] will be unable to perform a fulltime job." Tr. 224.

The ALJ addressed the opinions of Dr. Whitley and Dr. Tan together:

> Although Dr. Tan opined that the claimant is not able to resume working until he loses weight and undergoes knee surgery, the undersigned believes that the claimant is capable of performing work at the above-described residual functional level. The opinion of a treating source is generally credited with great weight, unless the opinion is inconsistent with the doctor's own treatment notes or the record as a whole. In this case, [plaintiff] testified that he is capable of working in the sedentary type job of a parking lot cashier, so long as he is provided with the postural option to sit or stand to relieve increased discomfort. The undersigned therefore does not assign controlling weight to the opinion stated in Dr. Tan's December 12, 2003 letter, as this opinion reflects a misunderstanding of the disability program and the evidentiary standards required in determining whether an individual is totally disabled. Dr. Whitley's answers to the mental impairment questionnaire . . . are not credited as the limitations described are not supported by the record as a whole. Indeed, [plaintiff] himself credibly testified that he does not feel that interference from psychological symptoms plays a significant role in his ability to work. Moreover, Dr. Whitley's mental residual functional assessment is not supported by any underlying progress notes from his office or other types of treatment records from the patient's medical chart when considered in its entirety.

6

Tr. 21.

Under SSR 96-5p, the determination of disability regarding a Social Security claim is reserved to the ALJ, and treating source opinions on issues reserved to the ALJ are never entitled to controlling weight or special significance. SSR 96-5p; 20 C.F.R. § 416.920(e). While "the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding the treating physicians's diagnosis," a "treating physician's report may be discounted when it is not accompanied by objective medical evidence or is wholly conclusory." Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991); accord Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). The ALJ "must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).

The ALJ here discounted the opinions of Dr. Tan and Dr. Whitley based on plaintiff's own testimony concerning the limitations of his physical and psychological impairments at the hearing. See Tr. 251 (confirming in testimony that plaintiff has no "mental difficulties that would prevent work"); Tr. 269 (stating that plaintiff could perform a job involving "not a lot of standing and not a lot of sitting"). The ALJ also noted that Dr. Whitley's conclusions based on plaintiff's psychological impairments are contradicted by the medical record. At least three examining physicians found plaintiff's psychological symptoms to be less disabling than Dr. Whitley opined. Tr. 169, 198, 202. The Court finds that the ALJ properly considered and discounted the medical opinions of Dr. Tan and Dr. Whitley based on plaintiff's testimony and the medical evidence of record.

7

### C.  VE Testimony

Finally, plaintiff contends that the ALJ improperly developed the testimony of the VE at his hearing.  He alleges that the "hypothetical question ultimately given to the VE at the hearing did not contain all of the Plaintiff's severe impairments and restrictions."  Pl. Br. at 14.

At plaintiff's hearing, the ALJ presented a hypothetical involving a person aged 35, with limited education and no transferrable skills.  Tr. 268.  The hypothetical person was limited to lifting twenty pounds occasionally and ten pounds frequently, with a restriction to standing or walking for only two hours per day.  Id.  The ALJ included a sit-stand option, postural limitations, the inability to stoop, bend, crawl, or crouch, and a need to avoid concentrated exposures to fumes, odors, and poor ventilation.  Tr. 269.  The VE testified that such a person could work as a garment folder.  Tr. 270.  The ALJ then limited the hypothetical person to non-complex tasks, with no direct interaction with the public or with co-workers.  Tr. 271.  The VE responded that such a person could work as a garment folder, a hand packer, or a bench hand.  Tr. 272.

The underlying assumptions of hypothetical questions posed by an ALJ must accurately and comprehensively reflect the claimant's characteristics, and a reviewing court must determine whether they are supported by substantial evidence.  McSwain v. Bowen, 814 F.2d 617, 619-20 (11th Cir. 1987) (per curiam); Pendley v. Heckler, 767 F.2d 1561, 1562-63 (11th Cir. 1985) (per curiam); see also Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999) ("In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."); Coleman

8

v. Barnhart, 264 F. Supp.2d 1007, 1011 (S.D. Ala. 2003) (failing to comprehensively describe claimant's impairments and limitations, including that claimant "often" has deficiencies in concentration, persistence or pace, is grounds for remanding case for further proceedings). Moreover, when there are physical and psychological impairments at issue, the hypothetical must encompass both types of impairments. Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980) (per curiam) (finding it improper to assume that just because a VE was aware of psychological problems those problems were taken into account in answering a hypothetical that referred only to physical problems).

    The Court finds the ALJ's hypothetical to be a sufficient description of plaintiff's physical and psychological condition, including his obesity and limitations in interacting with other people. Plaintiff, in fact, concedes that the ALJ "actually gave [the VE] additional restrictions not considered by the [medical] consultant." Pl. Br. at 14. While plaintiff suggests that the jobs cited by the VE are so limited as to be non-competitive, the VE testified that significant numbers of the jobs he listed are available in the United States. Tr. 272.[1] Accordingly, the Court finds the ALJ's hypothetical to be appropriate, and plaintiff should not obtain relief on this ground.

## IV. CONCLUSION

    For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, and that a final judgment be **ENTERED**

---

[1]The Court also finds plaintiff's contention that the ALJ had already predetermined that plaintiff could work as a cashier unavailing, because the VE cited the availability of jobs other than that of a cashier.

in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 9th day of March, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

10